IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENNIS ALAN GEORGE,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF ALASKA,<br><br>    Defendant. | Case No. 3:23-cv-00151-JMK |

**ORDER OF DISMISSAL**

On July 7, 2023, self-represented litigant Dennis Alan George ("Plaintiff") filed a civil complaint, numerous attachments, a civil cover sheet, and paid the filing fee.[1] On September 6, 2023, Plaintiff filed a "Notice of Filing."[2] For relief, Plaintiff requests the "State of Alaska pay immediately at sight the sum certain amount of 62,782,223.16 to the personal service corporation DENNIS A GEORGE."[3] While the Court must liberally construe filings by self-represented litigants, it need not allow plaintiffs to defy the fundamental basics of pleading. To the extent the Court can decipher the filings, it is immediately apparent that Plaintiff's case is fundamentally flawed. Plaintiff improperly names the State of Alaska as the sole

---

[1] Dockets 1–3.

[2] Docket 5.

[3] Docket 1 at 9.

Defendant; and his allegations, explanations, and exhibits are all demonstrative that his claims are rooted in sovereign citizen ideology.[4]

Although non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or § 1915A screening requirements when the filing fee is paid, the Court retains the inherent authority to dismiss a claim for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8")[5] or for lack of jurisdiction.[6] To avoid dismissal, a plaintiff must make a legal sufficient showing of jurisdictional facts.[7] For the reasons explained below, Plaintiff's Complaint is dismissed and all pending motions are denied as moot.

## DISCUSSION

The Eleventh Amendment to the United States Constitution provides immunity to the states.[8] An individual may only sue a state where Congress has

---

[4] *See, e.g.,* Docket 1-13 at 2 ("Dennis Alan is a human-being, and DENNIS ALAN GEORGE is only a fictitious PERSON created by the state without a physical body, and whereas the state has relied upon Dennis Alan to supply the physical body to act as agent for the ens legis – fictional person."). *See also Bendeck v. U.S. Bank Nat's Ass'n,* No. 17-00180 JMS-RLP, 2017 WL 2726692, at *6 (D. Haw. 2017) (noting that "[p]roponents of the sovereign citizen . . . theory believe that when a person's name is spelled . . . with initial capital letters and small letters, it represents the 'real person' . . . [and w]henever a person's name is written in total capitals, . . . only [a] 'strawman' [or separate entity] is referenced, and the flesh and blood person is not involved") (simplified).

[5] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[6] *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

[7] *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir. 1987).

[8] *Cornel v. Hawaii,* 37 F.4th 527, 531 (9th Cir. 2022) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983.") (citations omitted).

Case No. 3:23-cv-00151-JMK, *George v. State of Alaska*
Order of Dismissal
Page 2 of 4
Case 3:23-cv-00151-JMK   Document 6   Filed 10/18/23   Page 2 of 4

authorized such a suit, or where a state has waived its sovereign immunity by consenting to suit.[9] Plaintiff may not pursue his claims against the State of Alaska, and no defendants could be substituted even if Plaintiff were granted leave to amend.

Further, all arguments based in sovereign citizen ideology have been uniformly rejected by courts across the country as "frivolous, irrational, or unintelligible."[10] The Ninth Circuit specifically has repudiated such arguments as "utterly meritless."[11] The Court, "like others across the country, concludes that 'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside," including in this case, the laws of the State of Alaska.[12] Additionally, "[t]he attempt to divide oneself into two separate entities . . . is a legal fiction and has been struck down consistently in courts and around the country."[13]

---

[9] *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999) (internal citations omitted).

[10] *Mackey v. Bureau of Prisons,* 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (citing cases collected in *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012)).

[11] *United States v. Studley,* 783 F.2d 934, 937 n.3 (9th Cir. 1986) (noting the "argument has been consistently and thoroughly rejected . . . advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them.").

[12] *El v. Ally Bank,* No. 222CV00874APGDJA, 2022 WL 2904867, at *2 (D. Nev. 2022) (quotation marks and citations omitted). *See also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

[13] *Id.*

Case No. 3:23-cv-00151-JMK, *George v. State of Alaska*
Order of Dismissal
Page 3 of 4
Case 3:23-cv-00151-JMK   Document 6   Filed 10/18/23   Page 3 of 4

Because Plaintiff's claims are based on "patently frivolous"[14] sovereign citizen theories, they must be dismissed.[15] The Court further determines that the Complaint is subject to dismissal with prejudice because this pleading deficiency cannot be cured.[16]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED** for failure to state a viable claim for relief and allowing an opportunity to file an amended complaint would be futile;

2. All pending motions are **DENIED AS MOOT;** and

3. The Clerk of Court shall issue a final judgment.

DATED this 18th day of October 2023, at Anchorage, Alaska.

                                               */s/ Joshua M. Kindred*
                                               JOSHUA M. KINDRED
                                               UNITED STATES DISTRICT JUDGE

---

[14] *Studley,* 783 F.2d at 937 n.3.

[15] *Cf. Culpepper v. Biddle*, Case No. CV 18-8826-JFW (GJS), 2018 U.S. Dist. LEXIS 187497, at *8, *11 (C.D. Cal. 2018) ("Petitioner deems himself a 'secured party creditor' . . . [a]s a threshold matter, Petitioner's sovereign citizen-type assertions are so patently frivolous and specious that little discussion about them is required.").

[16] *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (a dismissal without further leave to amend is not an abuse of discretion when the court lacks subject matter jurisdiction).

Case No. 3:23-cv-00151-JMK, *George v. State of Alaska*
Order of Dismissal
Page 4 of 4
Case 3:23-cv-00151-JMK   Document 6   Filed 10/18/23   Page 4 of 4